UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-cv-81260-Middlebrooks/Matthewman

DANIEL A. RODRIGUEZ,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S (AMENDED) PETITION FOR RELIEF FROM A CONVICTION
OR SENTENCE BY A PERSON IN STATE CUSTODY [DE 3]**

THIS CAUSE is before the Court upon Petitioner, Daniel A. Rodriguez's ("Petitioner") (Amended) Petition for Relief from a Conviction or Sentence by a Person in State Custody ("Petition") [DE 3]. The matter was referred to the undersigned United States Magistrate Judge by the Honorable Donald M. Middlebrooks, United States District Judge. *See* DE 4. Respondent, the State of Florida ("Respondent"), has filed a response to the Petition [DE 7], an Appendix [DE 8], and transcripts [DE 9]. Petitioner has filed a reply [DE 13]. The Court has reviewed and carefully considered the Petition, the response, the reply, the exhibits, the transcripts, and all pertinent portions of the underlying criminal file.

    **I.    WHETHER PETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING**

As a preliminary matter, the Court finds that an evidentiary hearing is not required in this case. "Because this habeas petition can be resolved by reference to the state court record there is no need for an evidentiary hearing." *Josey v. Inch*, No. 19-62510-CV, 2020 WL 2497884, at *3

1

(S.D. Fla. Apr. 22, 2020), *report and recommendation adopted,* No. 19-CV-62510, 2020 WL 2494642 (S.D. Fla. May 14, 2020) (citing 28 U.S.C. § 2254(e)(2)); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (holding that, if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing)). Here, Petitioner has failed to demonstrate the existence of any factual dispute that warrants a federal evidentiary hearing. Therefore, Petitioner is not entitled to an evidentiary hearing and no evidentiary hearing shall be scheduled.

Further, the Court finds and RECOMMENDS that Petitioner's Petition be DENIED in its entirety, as discussed in detail below.

## II.   BACKGROUND

This case originated in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (case number 502016CF010310AXXXMB). On December 8, 2016, Petitioner was charged by Information with possessing, controlling or intentionally viewing sexual performance by a child (Count 1), in violation of Florida Statute 827.071(5)(a); and two counts of transmitting child pornography (Counts 2–3), in violation of Florida Statutes 847.0137(2) and (3). [DE 8–1, Ex. 2].

On October 17, 2017, Petitioner's counsel filed a Motion to Dismiss Case [DE 8–1, Ex. 3], and the State filed a response [DE 8–1, Ex. 4]. Following a hearing on March 14, 2018, the state court entered an Order Denying Defendant's Motion to Dismiss, which Order incorporated the facts to which both Petitioner and the State had previously stipulated. [DE 8–1, Ex. 5].

On July 20, 2018, Petitioner pled guilty to Counts 1–3 and was sentenced to 364 days in jail, followed by four years of sex offender probation on Count 1; five years of sex offender

probation on Count 2, to run consecutive to the jail sentence on Count 1; and five years of sex offender probation on Count 3, to run consecutive to the probation terms on Counts 1 and 2. [DE 8–1, Ex. 6–9].

No direct appeal was filed. On July 19, 2019, Petitioner filed a Motion Pursuant to Rule 3.850, Florida Rules of Criminal Procedure, to Vacate Plea, Judgment Sentence in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida [DE 8–1, Ex. 13]. The basis for that motion was that

> (A) counsel was ineffective for failing to investigate, raise and pursue to conclusion, including an appeal if necessary, a due process defense based on the outrageous governmental conduct of the informant in this case engaging in sexual activity to entice the Defendant to commit the changed offenses, and (B) for failing to move to dismiss the charges on the basis of outrageous governmental misconduct in the unsupervised use of a confidential informant in a way which could have endangered the lives and welfare of small children, and (C) the State violated Rodriguez's right to substantive due process by its use of an unsupervised informant engaging in sexual activity to entice the Defendant to commit the charged offenses and thereby endangered the lives of small children who could have been victimized at the instigation of the informant.

*Id.* Once the motion was fully briefed, the state court entered an Order Denying Defendant's Motion to Vacate Plea, Judgment and Sentence on September 28, 2021. [DE 8–1, Ex. 17]. Petitioner appealed the Order, and the Fourth District Court of Appeal issued a *per curiam* affirmance in Case No. 4D21-3101 on June 23, 2022. [DE 8–1, Ex. 21]. Petitioner filed a Motion for Rehearing, which was denied. [DE 8–1, Ex. 24–25]. The Mandate was issued on September 2, 2022. [DE 8–1, Ex. 26].

### III.   PETITION, RESPONSE, AND REPLY

#### A. The Petition [DE 3]

In the underlying Petition, Petitioner seeks federal habeas relief, arguing that

> [(A)]Counsel was ineffective for failing to investigate, raise and pursue to conclusion, including an appeal if necessary, a due process defense based on the outrageous governmental conduct of the informant in this case engaging in sexual activity to entice the Defendant to commit the charged offenses, and (B) for failing to move to dismiss the charges on the basis of outrageous governmental misconduct in the unsupervised use of a confidential informant in a way which could have endangered the lives and welfare of small children, and (C) the State violated Rodriguez's right to substantive due process by its use of an unsupervised informant engaging in sexual activity to entice the Defendant to commit the charged offenses and thereby endangered the lives of small children who could have been victimized at the instigation of the informant.

[DE 3 at 4]. Petitioner specifically requests that the Court "grant habeas relief and vacate the judgment and sentence and if relief is not summarily granted, set the petition for an evidentiary hearing." *Id.* at 16.

### B. The Response [DE 7]

The State first argues that Petitioner cannot meet either prong of the *Strickland* test. [DE 7 at 18]. The State explains that Petitioner's counsel did, in fact, raise the issue of outrageous conduct and "engagement in sexual activity to entice Petitioner to commit the offense" in the motion to dismiss. *Id.* Next, the State contends that Petitioner's counsel did not intentionally limit the scope of the motion to dismiss in his oral argument at the hearing; rather, the trial court cut short the hearing. *Id.* at 18–19. The State also argues that Petitioner has in no way established prejudice and points out that "Petitioner was aware of the potential defense prior to the plea." *Id.* at 20. According to the State, Petitioner's second attorney was not deficient for failing to file a second motion to dismiss as the second motion would have been redundant. *Id.* The State additionally emphasizes that there is no claim that Petitioner requested an appeal here. *Id.* at 20–21. The State separately analyzes Petitioner's claim that the "police allowed CM to entice him into committing the offense by engaging in sexual activity with him" under the context of entrapment allegations. *Id.* at 21–

4

24.

The State next argues with regard to Petitioner's second subclaim that Petitioner "cannot establish ineffective assistance for failing to raise a nonmeritorious issue" since this is "not a case where CM's conduct endangered children" and Petitioner already had child pornography in his possession. [DE 7 at 25]. The State further points out that there is no evidence that "CM offered sex to Petitioner in order to get him to show her the videos" or that the informant asked Petitioner to "create or show her new videos." *Id.* at 25–26.

With regard to the third subclaim, the State argues that "the heart of this argument is similar to that raised in the other two claims. Further, it is not Petitioner's due process rights that would have been violated in this situation and he lacks standing to raise this issue." [DE 7 at 26]. In other words, if anyone's due process rights were violated, "it would belong to any child victimized by Petitioner directly in response to enticement by CM, not by Petitioner himself." *Id.* at 26–27. The State further contends that Petitioner's argument is "factually deficient, as well, and the record does not demonstrate action by the State that endangered children." *Id.* at 27.

### C. The Reply [DE 13]

In reply, Petitioner first argues that the State "misunderstands Rodriguez's claim that his counsel failed to investigate, raise, and pursue a due process defense based on the outrageous governmental misconduct of the informant engaging in sexual activity to entice the defendant to commit the charged offenses." [DE 13 at 1]. According to Petitioner, his counsel did, in fact, file a motion to dismiss based on outrageous governmental misconduct, but counsel "specified at the hearing that the misconduct he was alleging was the Police directing the informant to manufacture or produce child pornography herself by photographing or screenshotting the child pornography.

5

[Transcript of hearing, pp. 9-10]. This was not the correct legal argument." *Id.* at 1–2. Petitioner contends that his counsel "failed to allege that the informant engaged in sexual activity to entice Rodriguez into committing the offense" and that "[t]his is evident from the circuit court's Order Denying Rodriguez's Motion to Dismiss [Doc. 8-1, pgs. 31-36] wherein the court focused entirely on Rodriguez's attorney's argument that the San Diego Police Department committed outrageous misconduct by having the informant record or photograph child pornography." *Id.* at 2. Petitioner also maintains that his counsel "failed to investigate, the extent of the informant's use of sexual activity during their Skype communications to entice Rodriguez to commit the charged offenses. Had this been done, Rodriguez's counsel could have met their burden to demonstrate outrageous governmental misconduct." *Id.*

Petitioner also argues that he clearly would not have entered a guilty plea "to the charged offenses had his charges been dismissed by a motion to dismiss based on the outrageous misconduct of the government informant." *Id.* Finally, Petitioner asserts that he did not waive his challenge to the charges when he entered into the negotiated plea because, had his counsel advised him of the argument alleged in the Petition, and had those arguments been denied by the trial court, Petitioner "would have insisted on reserving his right to appeal by going to trial or entering a plea reserving his right to appeal this dispositive issue." *Id.* at 2–3.

## IV.     RELEVANT LAW

Pursuant to 28 U.S.C. § 2254(d), an individual in state custody is entitled to federal habeas corpus relief only on the ground that he is in custody in violation of the United States Constitution or laws or treaties of the United States. To obtain habeas corpus relief from a federal court, a prisoner must demonstrate that the state court's ruling on the claim: 1) resulted in a decision that

6

was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2) (2018); *see also Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *Fugate v. Head*, 261 F.3d 1206, 1215–16 (11th Cir. 2001).

"A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in this Court's cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams*, 529 U.S. at 405–06. "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies such precedents to the facts in an objectively unreasonable manner." *Id.* In the context of habeas petitions, "clearly established Federal law" refers to the holdings of the Supreme Court's decisions as of the time of the relevant state court decision. *Hall v. Head*, 310 F.3d 683, 690 (11th Cir. 2002) (citing *Williams*, 529 U.S. at 412). Federal courts are required to presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001).

The Supreme Court repeatedly has held that "[t]he petitioner carries the burden of proof" and that the § 2254(d)(1) standard is a high hurdle to overcome. *See Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)); *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). State court decisions must be given a strong presumption of deference even when the state court adjudicates a petitioner's claim summarily. *See Richter*, 560 U.S. at 96–100;

*Gill v. Mecusker*, 633 F.3d 1272, 1288 (11th Cir. 2011).

## V.     ANALYSIS

As an initial matter, there is no dispute that Petitioner is in custody or that the Petition is timely under 28 U.S.C. § 2244(d)(1). *See* DE 7 at 1, 5. The State also concedes that the three sub-issues were raised in the postconviction motion and the appeal of the denial of the postconviction motion, and that the issues are therefore exhausted. *Id.* at 7–8. Therefore, the Court can proceed directly to the merits of the Petition.

Petitioner's first two subclaims are based on his allegations that his counsel performed deficiently. "In *Strickland v. Washington,* 466 U.S. 668, 687 (1984), the Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. Under the 'performance' prong, the defendant must show that counsel's performance 'fell below an objective standard of reasonableness.'" *King v. U.S.*, 250 F. App'x. 930, 932 (11th Cir. 2007) (citing *Strickland*, 466 U.S. at 688). "Under the 'prejudice' prong, the defendant must show that counsel's deficient performance actually prejudiced the defendant and that, "but for the attorney's error, the outcome of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694). The burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable. *See Strickland,* 466 U.S. at 688. The petitioner must establish that particular and identified acts or omissions of counsel "were outside the wide range of professionally competent assistance." *Chandler v. United States*, 218 F.3d 1305, 1313, 1314 (11th Cir. 2000) (quoting *Burger v. Kemp,* 483 U.S. 776, 794 (1987); *see also Strickland,* 466 U.S. at 686 (stating that petitioner must show "counsel's representation fell below an objective standard of reasonableness," which means that counsel's performance was unreasonable "under prevailing

professional norms. . . considering all of the circumstances").

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. When assessing a lawyer's performance, "[c]ourts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." *Chandler,* 218 F.3d at 1314 (11th Cir. 2000). When assessing ineffective assistance of counsel claims, the court's role is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within the wide range of professionally competent assistance." *Van Poyck v. Florida Dept. of Corrections,* 290 F.3d 1318, 1322 (11th Cir. 2002) (quoting *Strickland,* 466 U.S. at 690) (internal quotation marks omitted). "Intensive scrutiny and second-guessing of attorney performance are not permitted." *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994).

If a petitioner's claim of ineffectiveness turns on whether counsel should have raised issues of state law, § 2254(d) requires that the federal court defer to the state court's decision regarding its own laws. *See Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (superseded by statute on other grounds). It is "a fundamental principle [that] state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." *See Herring v. Sec'y, Dept. of Corr.*, 397 F.3d 1338, 1354–55 (11th Cir. 2005) (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)).

9

> A. Whether Counsel Was Ineffective for Failing to Investigate, Raise and Pursue to Conclusion, Including an Appeal if Necessary, a Due Process Defense Based on the Outrageous Governmental Conduct of the Informant in This Case Engaging in Sexual Activity to Entice Petitioner to Commit <u>the Charged Offenses</u>

Petitioner cannot meet the *Strickland* test here as he cannot establish that his counsel's performance fell below an objective standard of reasonableness. Petitioner's argument is factually without merit since counsel did move to dismiss the charges on the basis of outrageous governmental misconduct. In the motion to dismiss, counsel explicitly stated that the informant was "unsupervised" and "uncontrolled" and "engaged in sexual conduct with the defendant in order to obtain evidence of child pornography." [DE 8–1, Ex. 3 at 000107]. In other words, Petitioner's counsel made the very argument Petitioner is now claiming his counsel failed to make. It is also clear based on the transcript of the motion to dismiss hearing that Petitioner's counsel did not intentionally abandon any argument and was instead cut short of making his full oral argument due the state court's busy schedule. [DE 9–1 at 000058–000062].

Moreover, the trial court, in discussing the motion to dismiss, noted that "I remember in the early days when I was a prosecutor, there was a famous case where it was an undercover operation with an informant who literally involved him paying and actually having sex with the agent, or the informant. And of course the Court said that's going a little too far." *Id.* at 000049. This comment indicates that the trial court did, in fact, understand counsel's argument regarding outrageous government conduct in the form of the informant engaging in sexual activity to entice Petitioner to commit the charged offenses. In conclusion, since Petitioner's counsel did raise the issue of the informant in this case allegedly engaging in sexual activity to entice Petitioner to commit the charged offenses in the motion to dismiss, Petitioner cannot make any legitimate

10

argument that counsel failed to investigate the defense.

Petitioner also cannot establish prejudice. He relies on the following language in *Grosvenor v. State*, 874 So. 2d 1176 (Fla. 2004), to support his argument that he was prejudiced by his counsel's deficient performance: "A defendant who has pleaded guilty who claims that defense counsel was ineffective for failing to advise of an available defense establishes *Strickland*'s prejudice prong by demonstrating a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Counsel's effectiveness is determined according to the totality of the circumstances." *Id.* at 1181 (citing *Strickland,* 466 U.S. at 690). However, the court in *Grosvenor* further stated that

> in determining whether a reasonable probability exists that the defendant would have insisted on going to trial, a court should consider the totality of the circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial.

*Id.* at 1181–82.

Here, none of Petitioner's attorneys made any discernable errors. However, regardless, in considering the totality of the circumstances, a reasonable probability does not exist that Defendant would have insisted on going to trial instead of pleading guilty. A due process defense based on alleged outrageous government conduct of the informant in this case engaging in sexual activity to entice Petitioner to commit the charged offenses was not likely to succeed at trial. The colloquy between Petitioner and the trial court at the time of the plea establishes that he was satisfied with his attorneys' services (other than the stipulation to facts re: the motion to dismiss), and that Petitioner knowingly, intelligently, and voluntarily entered the guilty plea. *See* DE 9-2. Finally, Petitioner received a much lower sentence under the plea than he was facing. Petitioner obtained

11

substantial benefit from his plea and now appears to suffer from "buyer's remorse." This is not a proper basis to set aside a conviction. Petitioner has not established prejudice through his speculative assertions in his reply that, had his attorneys "advised him of the arguments alleged herein, and had they been denied by the trial court, he would have insisted on reserving his right to appeal by going to trial or entering a plea reserving his right to appeal this dispositive issue." [DE 13 at 3].

> B.  Whether Counsel Was Ineffective for Failing to Move to Dismiss the Charges on the Basis of Outrageous Governmental Misconduct in the Unsupervised Use of a Confidential Informant in a Way Which Could Have Endangered the Lives and Welfare of Small Children

Petitioner cannot meet the *Strickland* test here as he cannot establish that his counsel's performance fell below an objective standard of reasonableness. First, it is clear that counsel did make an outrageous government misconduct argument in the motion to dismiss, and this Court cannot second guess counsel's strategy in not relying upon this particular outrageous government misconduct argument. Second, according to the stipulated facts contained in the trial court's Order Denying the Motion to Dismiss [DE 8–1 at Ex. 5], Petitioner asked the informant if she liked children and Petitioner told the informant that he liked to touch children and had videos of children already in his possession, and, at that point, the informant asked to see them. The same facts came out during the informant's deposition. [DE 9–3 at 000336–000350]. Therefore, it would have been factually improper for Petitioner's counsel to argue in a motion to dismiss that the unsupervised use of a confidential informant could have endangered the lives and welfare of children. Third, even if this had been a proper argument, it was Petitioner's conduct and not the informant's conduct that would have plausibly endangered the lives and welfare of children.

The Court additionally finds no prejudice to Petitioner for the same reasons stated in the above section of this Report and Recommendation.

  C. <u>Whether the State Violated Petitioner's Right to Substantive Due Process by Its Use of an Unsupervised Informant Engaging in Sexual Activity to Entice Petitioner to Commit the Charged Offenses and Thereby Endangered the Lives of Small Children who Could Have Been Victimized at the Instigation of the Informant</u>

Petitioner's argument is clearly without merit. This is both for the reasons provided in section B above and because any substantive due process rights would be held by the children and not by Petitioner. In sum, Petitioner's third argument is completely frivolous as he has no standing to bring it in the first place.

## VI. <u>CERTIFICATE OF APPEALABILITY</u>

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b) to the Rules Governing § 2254 Proceedings.

After a careful review of the record, the Court finds that Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may [be] issued[d] . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised in the Petition are clearly without merit,

Petitioner cannot satisfy the *Slack* test. Upon consideration of the record as a whole, the District Judge should deny a certificate of appealability.

## VII.  RECOMMENDATION TO THE DISTRICT JUDGE

A very careful review of the entire record establishes that Petitioner's claims are meritless and due to be denied for the reasons stated above. No evidentiary hearing is necessary. The Petition fails to establish any grounds for relief. Accordingly, the undersigned United States Magistrate Judge recommends that the United States District Judge **DENY** Petitioner's Petition [DE 3] in its entirety, and deny a certificate of appealability as discussed above.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 2nd day of October 2023.

							_____
							WILLIAM MATTHEWMAN
							United States Magistrate Judge